# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNY MECHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-01131-SEP |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Kenny Mechlin's Motion to Remand Case to State Court, Doc. [9], and Defendant Progressive Casualty Insurance Company's Motion to Dismiss Case, Doc. [10]. For the reasons set forth below, the Court denies both motions.

### FACTS AND BACKGROUND[1]

Plaintiff, a citizen of Missouri, brought this action in state court on September 21, 2022, seeking damages for Defendant's alleged refusal to pay for injuries Plaintiff sustained in a car accident. Doc. [7]. Defendant, "a corporation organized and existing under the laws of Ohio with its principal place of business in Ohio," removed the case to federal court on October 27, 2022, based on diversity jurisdiction. Doc. [1] at 2.

In his complaint,[2] Plaintiff alleges that he was a passenger in a truck owned by Mechlin Farm and More, LLC, when the driver of that truck, Bruce Bote, rear-ended another vehicle. *Id.* ¶¶ 8, 10-12. According to Plaintiff, the resulting collision totaled the truck and caused "serious bodily injuries" to Plaintiff. *Id.* ¶ 11. He asserts that Mr. Bote "is legally responsible to pay for [Plaintiff's] bodily injury." *Id.* ¶ 12. Mr. Bote, Plaintiff claims, "was not an employee or agent of Mechlin Farm and More, LLC." *Id.* ¶ 9.

Plaintiff alleges that Defendant insured the truck "through a policy of Commercial Insurance," with policy number 00413833-1 (the Policy). *Id.* ¶¶ 4, 8. Plaintiff claims that, under

---

[1] For purposes of a motion to dismiss, the Court assumes that the factual allegations in the petition, Doc. [5], are true. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[2] A petition in Missouri state court is the analogue of a federal complaint.

Part I of the Policy, ". . . [Progressive] will pay damages for bodily injury, property damage . . . for which an insured becomes legally responsible because of an accident." *Id.* ¶ 5. According to Plaintiff, Section I(A)2 of the Policy defines an "insured" as "[a]ny person while using, with your permission, and within the scope of that permission, and insured auto you own, hire, or borrow." *Id.* ¶ 6. Plaintiff claims that "[u]nder Policy section I(A)2, . . . Bote was an insured at the time of the . . . collision." *Id.* ¶ 13. Plaintiff asserts that he is listed as an "additional insured" under the Policy; he claims that he sought coverage under the Policy "to pay for [his] bodily injuries," but that Defendant refused to pay "[d]espite due demand[.]" *Id.* ¶¶ 7, 12.

The Policy, according to Plaintiff, also includes an "Uninsured Motorist Coverage Endorsement" provision: ". . . we will pay for damages, other than punitive or exemplary damages, which an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury." Doc. [7] ¶ 14. Plaintiff appears to argue that, given Defendant's refusal to pay under the bodily injury provision, the truck must qualify as an "uninsured auto" under the Uninsured Motorist Coverage Endorsement provision. *Id.* ¶ 15. Despite his claim to coverage under that provision, Plaintiff asserts that Defendant "denied coverage on March 1, 2022." *Id.*

On October 29, 2022, Plaintiff filed his motion to remand, Doc. [9], to which Defendant responded, Doc. [12], on November 8, 2022. On November 3, 2022, Defendant filed its motion to dismiss, Doc. [10], to which Plaintiff responded, Doc. [13], on November 10, 2022. Neither party filed a reply.

## DISCUSSION

### I.   Motion to Remand

Plaintiff argues that the Court cannot exercise jurisdiction over this case because it qualifies as a "direct action" under 28 U.S.C. § 1332(c)(1), and therefore, "complete diversity of citizenship does not exist" between the parties. Doc. [9] at 1, 2. On either of Plaintiff's two theories of liability, that argument fails.

Removal of a civil action is proper if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. 1441(a). Original jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states. . . ." 28 U.S.C. 1332(a)(1). Generally, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it

2

has its principal place of business. . . ." 28 U.S.C. 1332(c)(1).  However, "in any *direct action* against the insurer of a policy or contract of liability insurance . . . to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . ." *Id.* (emphasis added).

The direct action statute "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974) (citing S. Rep. No. 1308, 88th Cong., 2d Sess. 1 (1964)). Thus, the direct action statute "is applicable when the insurer stands in the shoes of its legally responsible insured." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992). But "the general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer . . . by the insured for failure to pay policy benefits[.]" *Id.*; *see also Webb v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 1030473, at *1 (W.D. Mo. Mar. 29, 2007) (collecting cases).

On the Court's review of the Complaint, this case does not qualify as a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). Plaintiff advances two theories of liability under the heading "Breach of Contract."  On the first, Defendant owes Plaintiff compensation for injuries caused by Bote under the clause providing that the company "will pay damages for bodily injury, property damage . . . for which an insured becomes legally responsible because of an accident." Doc. [7] ¶ 5. That theory is certainly evocative of a "direct action," in that Plaintiff is suing Defendant for compensation for harm caused by Bote.  Moreover, Plaintiff even alleges that Bote qualifies as "an insured" under the Policy, suggesting that Plaintiff takes himself to be suing Bote's insurer in place of Bote himself.  However, the Court declines to infer that Plaintiff's first theory of liability is, in fact, a direct action for the following reasons:

First, Plaintiff also alleges that he is an "additional insured" under the Policy, *id.* ¶ 7, and he repeatedly alleges that Defendant has refused to pay under his *own* insurance policy:

- "**Mr. Mechlin engaged Defendant Progressive** to pay for the bodily injuries caused by an insured regardless of whether the bodily injuries occurred to himself or to third parties. . . . Despite due demand, Progressive Casualty Insurance Company is refusing to pay for Plaintiff's bodily injury." Doc. [7] at 2-3;

3

- "Progressive has *refused to pay Kenny Mechlin, an additional insured on the Policy*, without reasonable cause or excuse." *Id.* ¶ 16.

Those allegations, as well as Plaintiff's own characterization of his claim in his motion to dismiss briefing, Doc. [13], suggest that Plaintiff purports to be suing his *own* insurer for failure to pay funds owed to him under his *own* insurance policy—not suing Bote's insurer in the place of Bote.

On Plaintiff's second theory of contract liability, in which he is entitled to compensation "uninsured motorist" theory of liability, Plaintiff likewise claims to be the "insured," and he purports to sue Defendant for failure to pay him benefits under the Policy. Doc. [7] ¶ 15; Doc. [12] at 2, 5. Thus, Defendant is not "stand[ing] in the shoes of its legally responsible insured." *Rosa*, 981 F.2d at 675. Rather, Plaintiff *is* the insured, and he is suing the insurance company for its own wrong. *Id*.

Because this action does not appear to be a direct action, § 1332(c)(1) does not apply, and Defendant is not deemed a citizen of Missouri. And because complete diversity of citizenship exists between Plaintiff and Defendant, the Court has jurisdiction over this case under 28 U.S.C. § 1332, and remand must be denied. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) ("Once a federal court determines it has jurisdiction over a case properly before it, it has a 'virtually unflagging obligation to exercise it.'") (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

## II.     Motion to Dismiss

Defendant makes two arguments for dismissal. First, it argues that "[d]ismissal is proper" because Plaintiff "cannot proceed in a direct action against an insurance company providing liability coverage for an in insured who allegedly caused the harm sustained by the claimant." Doc. [11] at 3. As set forth above, the Court cannot conclude at this stage that Plaintiff's breach of contract claim against Defendant is a "direct action" under 28 U.S.C. § 1332(c)(1). Defendant's argument for dismissal on that basis therefore fails.[3]

---

[3] To the extent that there is any ambiguity on this point—and, as noted above, some of Plaintiff's allegations appear to be consistent with a direct action—to construe Plaintiff's claim as a direct action despite the presence of allegations suggesting that it is not would be inconsistent with this Court's obligation to construe the Complaint in the light most favorable to the Plaintiff on review of a motion to dismiss. *See Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

Second, Defendant argues that Plaintiff "has no uninsured breach of contract action against [it] for the alleged liability of 'tortfeasor' Bruce Bote because [it] has not denied liability coverage" under the Policy for Plaintiff's claims against Mr. Bote. Doc. [11] at 3. As support, Defendant refers to "Exhibit A" to its motion, which appears to be an email from Defendant to Plaintiff's counsel, dated May 19, 2021, stating that "Bodily Injury Liability coverage will be afforded to Kenneth Mechlin for this claim . . . ." *Id.*; Doc. [10-1]. Based on that email, "Bruce Bote was not uninsured on the date of the accident . . . ," Defendant argues. Doc. [11] at 3.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The requirement of facial plausibility means the factual content of the plaintiffs' allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff. . . ." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recover on a legal theory, the court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements," do not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although courts must accept all factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677-78.

Construing the Complaint liberally and drawing every inference in favor of the Plaintiff, the Court cannot find that Plaintiff fails to state a claim for breach of the disputed insurance contract based on the arguments in Defendant's motion. According to Plaintiff, the relevant provision requires Progressive to ". . . pay for damages, other than punitive or exemplary

5

damages, which an insured is legally entitled to recover from the owner or operator of an *uninsured auto* because of bodily injury." Doc. [7] ¶ 14 (emphasis added).  And Plaintiff alleges that the truck was an "uninsured auto." *Id.* ¶ 15.

Defendant's argument that it has not, in fact, denied coverage under the Policy for Plaintiff's claims does not defeat Plaintiff's claims at this early stage in the litigation, because it finds no support in any pleading.  "When considering . . . a motion to dismiss under [Rule] 12(b)(6) . . . the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint'. . . ." *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  The email attached as "Exhibit A" to the motion to dismiss is not "part of the public record," and it does "contradict the complaint." *Id.*  Therefore, the Court disregards it at this stage.  Because that email is the foundation of Defendant's only remaining argument for dismissal, Defendant has provided the Court with no basis for finding that Plaintiff has failed to state a claim for breach of contract.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [9], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. [10], is **DENIED**.

Dated this 6th day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE